NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PERSONAL HOME MEDICAL EQUIPMENT, INC., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>MICHAEL O. LEAVITT, :<br>in his capacity as Secretary of the United :<br>States Department of Health and Human :<br>Services, *et al.*, :<br>:<br>Defendants. : | Civ. No. 05-2455 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of the defendants Michael O. Leavitt, Mark McClellan, HealthNow New York, Inc., and TriCenturion, LLC, (referred to collectively as "Defendants") to dismiss the action by plaintiff Personal Home Medical Equipment, Inc. ("Plaintiff") for lack of subject matter jurisdiction. The Court, having fully reviewed and considered all of the parties' submissions, and having decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will grant Defendants' motion.

**I. BACKGROUND**

Plaintiff is a company engaged in the business of selling and leasing durable medical equipment ("DME"). Pursuant to a contract with the Centers for Medicare and Medicaid Services ("CMS"), Plaintiff participates in the Medicare program and provides DME to Medicare

beneficiaries. To obtain payment for DME, Plaintiff was required to submit a Certificate of Medical Necessity ("CMN") to CMS. To that end, Plaintiff submitted claims for Medicare payment for power wheelchairs that Plaintiff had provided to Medicare beneficiaries and was paid based on its submission of CMN's.

After Plaintiff had received more than $90,000 in payments, the carrier responsible for processing Plaintiff's claims initiated a post-payment review of the CMN's. Following the review, the carrier determined that the prior claims were unsubstantiated and that there had been overpayments. Consequently, the carrier requested that Plaintiff refund the overpayments and informed Plaintiff that failure to refund the overpayments would result in the carrier offsetting the amount of the overpayments against future payments and additionally placed Plaintiff on prepayment review.

As a result, on May 20, 2005, Plaintiff filed its Complaint with this Court, alleging six counts against Defendants that included violations of national Medicare policy, the Medicare Act, the Administrative Procedure Act, the Paperwork Reduction Act, the Health Insurance Portability and Accountability Act ("HIPAA"), Medicare beneficiaries' constitutional right to privacy, and Plaintiff's property without due process. On November 4, 2005, Defendants filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. DISCUSSION

A. <u>Standard of Review for Motions to Dismiss under Rule 12(b)(1)</u>

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction varies depending on whether the defendant makes

a facial or factual challenge.  Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)(citation omitted).  A facial attack on a court's jurisdiction "is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction."  Med. Soc'y of New Jersey v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002).  The standard for reviewing a facial attack is similar to the standard governing a Rule 12(b)(6) motion where "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  Gould, 220 F.3d at 176 (citations and footnote omitted).  In contrast, in reviewing a factual challenge, the allegations of the complaint are not accepted as true and "the court may consider evidence outside the pleadings."  Id. (citations omitted).  In the instant motion, Defendants cited extensively from Plaintiff's Complaint in setting forth the factual background and thus this constitutes a facial attack.

      B.  Plaintiff Failed to Exhaust its Statutorily Mandated Administrative Remedies

Defendants allege that Plaintiff's Complaint must be dismissed because the Court lacks jurisdiction over Plaintiff's claims of entitlement to benefits as a result of Plaintiff failing to exhaust its administrative remedies before initiating this action.  (Defs.' Br. at 11-20.)  Defendants note that any party dissatisfied with an initial determination with respect to the entitlement to benefits under the Medicare Act must first obtain a final decision of the Secretary before seeking judicial review.  See 42 U.S.C. § 1395ff(b)(1)(A) (citing 42 U.S.C. § 405(g) as the statutory authority for judicial review of the Secretary's final decision).  As Defendants note, Section 405 bars federal question jurisdiction and requires that these claims "must proceed instead through the special review channel that the Medicare statutes create."  Fanning v. United States, 346 F.3d 386, 392 (3d Cir. 2003), cert. denied, 542 U.S. 919 (2004), (citing Shalala v.

Illinois Council on Long Term Care, Inc., 529 U.S. 1, 5 (2000)).

Plaintiff concedes that the Court's subject matter jurisdiction over its Complaint is not premised on 42 U.S.C. § 1331, except to the extent of the constitutional claims brought in the Complaint, and acknowledges both that exhaustion of administrative remedies is required in a matter involving Medicare claims and that it did not exhaust those remedies. (See Pl.'s Br. at 6-10.) However, Plaintiff asserts jurisdiction pursuant to 42 U.S.C. § 1395ff(f)(3), which states that

> In the case of a determination that may otherwise be subject to review under paragraph (1)(A)(iii) or paragraph (2)(A)(i), where the moving party alleges that –
> (A) there are no material issues of fact in dispute, and
> (B) the only issue of law is the constitutionality of a provision of this subchapter, or that a regulation, determination, or ruling by the secretary is invalid,
>
> the moving party may seek review by a court of competent jurisdiction without filing a complaint under such paragraph and without otherwise exhausting other administrative remedies.

Id. As Plaintiff noted, paragraph (1)(A)(iii) refers to national coverage determinations ("NCD") and paragraph (2)(A)(i) refers to local coverage determinations ("LCD"). However,

> An action under this subsection seeking review of a national coverage determination or local coverage determination may be initiated only by individuals entitled to benefits under part A of this subchapter, or enrolled under part B of this subchapter, or both, who are in need of the items or services that are the subject of the coverage determination.

42 U.S.C. § 1395ff(f)(5).

Plaintiff concedes that it is not an individual "entitled to benefits under part A" or "enrolled under part B," but asserts that it has standing under Subsection 1395ff(f)(3) because Subsection 1395ff(f)(5) and its attendant regulations do not apply to it. (Pl.'s Br. at 10.) However, this argument is patently incorrect as the language of Subsection 1395ff(f)(5) expressly

4

applies to the entirety of Subsection 1395ff(f) and therefore necessarily includes Subsection 1395ff(f)(3). Consequently, the applicable regulation stating that "[o]nly an aggrieved party may initiate a review of an LCD or NCD" and that "[n]either an ALJ nor the Board recognizes as valid any attempt to assign rights to request review" of an LCD or NCD prohibits Plaintiff from attempting to bring claims on behalf of beneficiaries under Subsection 1395ff(f)(3) of the United States Code. 42 C.F.R. § 426.320. Therefore, Subsection 1395ff(f)(3) does not confer the Court with jurisdiction over Plaintiff's Complaint and Plaintiff remains subject to the exhaustion requirements.

Additionally, although Plaintiff claims that Defendants have not challenged the Court's jurisdiction over the constitutional claims, Defendants did address the Court's jurisdiction over Plaintiff's claims arising under the Constitution and other statutes outside of the Medicare Act. (Defs.' Br. at 14.) Defendants noted Supreme Court jurisprudence holding that claims for benefits under the Social Security and Medicare Acts fall outside of the Court's Section 1331 jurisdiction irrespective of whether they also implicate other statutes or constitutional provisions and are thus subject to administrative exhaustion requirements. See Weinberger v. Salfi, 422 U.S. 749, 760-61 (1975); Heckler v. Ringer, 466 U.S. 602, 614 (1984). Even where the agency does not provide a hearing for a particular claim, "[a]t a minimum, however, the matter must be presented to the agency prior to review in a federal court." Illinois Council, supra, 529 U.S. at 24. Accordingly, Section 1331 does not confer the Court with jurisdiction over Plaintiff's Complaint.

Finally, Defendants assert that Plaintiff lacks third-party standing to bring beneficiaries' privacy claims under HIPAA and the Due Process Clause as stated in the Complaint. (Defs.' Br.

at 20-22.)  Plaintiff raises arguments with respect to private rights of action under HIPAA and urges the Court to recognize a private right of action while also noting the flaws in that argument. (Pl.'s Br. at 10-13.)  The Court, however, denies Plaintiff's request and finds that HIPAA does not confer the Court with jurisdiction over Plaintiff's claims.  As to Plaintiff's claims under the Due Process Clause, Defendants note that the exception to the rule of standing that a party must assert his own legal rights is where the party can demonstrate a "'close' relationship with the person who possesses the right" and a "'hindrance' to the possessor's ability to protect his own interests."  Kowalski v. Tesmer, 543 U.S. 125, 130 (2004)(citing Powers v. Ohio, 499 U.S. 400, 411 (1991)).  As Defendants contend, Plaintiff has not demonstrated a "hindrance" to the beneficiaries' ability to assert their own privacy rights.  Consequently, Plaintiff does not have third-party standing to bring the beneficiaries' claims.

As a result, the Court finds that it does not have jurisdiction over Plaintiff's Complaint and Defendant's motion to dismiss for lack of jurisdiction must be granted.

## III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and this case shall be marked closed.  An appropriate form of order is filed herewith.


Dated: August 23, 2006


    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.